IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JACK D. BARRON, )<br>)<br>Defendant. )<br>_____) | Case No. CR-09-043-N-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

The Court has before it Government's Motion in Limine (Docket Nos. 10 and 51) and Defendant's motions in limine (Docket Nos. 26, 27, 28, 29, 32 and 33).

## ANALYSIS

## I.    Government's Motion in Limine

The Government filed a motion in limine addressing five issues: (1) evidence and argument that Defendant did not know his actions violated the Clean Water Act; (2) evidence and argument that Defendant believed in good faith that

**Memorandum Decision and Order -- page 1**

he was complying with the law; (3) evidence and argument that Defendant received any "approvals" by any federal, state, or local agency without specific authority to issue permits for the discharge of dredge or fill materials under the Clean Water Act; (4) evidence and argument that either a faulty/badly maintained culvert or logjam caused Defendant's property to become a wetland; and (5) argument supporting jury nullification. The Government subsequently withdrew its motion as to issues (1), (2), and (5) because the parties resolved the issues without Court intervention.  Issues (3) and (4) are now before the Court.

### A.    Approvals

With respect to issue (3), the Government asks the Court to exclude any evidence and argument that Defendant received any "approvals" by any federal, state, or local agency without specific authority to issue permits for the discharge of dredge or fill materials under the Clean Water Act.  Although the Government listed issue (3) in the summary of its motion in limine, the Government failed to otherwise address this argument in its brief.  In response, Defendant contends that in order to defend himself against the obstruction charge, he must be allowed to introduce "the history of permit issuing" in this case.

The obstruction of justice charge asserts that Defendant sent the United States Army Corps of Engineers a letter claiming to have a permit to build a pond

**Memorandum Decision and Order -- page 2**

on a wetland.  The Government contends that although Defendant applied to the

Idaho Department of Water Resources ("IDWR") to appropriate water for a pond

on his property, IDWR did not approve the application.  The Government contends

that despite this denial, Defendant constructed a pond by digging a ditch from an

adjacent creek to the pond.

Without more explanation from the Government, the Court cannot grant the

motion.  Certainly, to the extent Defendant seeks to introduce evidence indicating

that he had a valid permit to construct the pond as stated in the letter, he should be

allowed to do so as part of his defense to the obstruction charge.  Fed. R. Evid.

402.  To the extent the Government seeks exclusion of other evidence, the Court is

unclear what exactly the Government seeks to preclude.  If the Government is

attempting to prevent introduction of irrelevant permits, the Court will be inclined

to sustain the objection.  The Government may bring that to the Court's attention

just prior to, or during, trial.  At this point, however, the Court will deny the

motion on issue (3).

### B.    Wetland Creation

The Government also asks the Court to preclude evidence and argument that

either a faulty/badly maintained culvert or logjam caused Defendant's property to

become a wetland.  Specifically, the Government asks the Court to preclude

**Memorandum Decision and Order -- page 3**

Defendant from arguing that these events obviated his need to obtain a permit to build on his property, dredge fill from a stream, and place fill material on the property.

Defendant agrees that he will not introduce the evidence as a defense. However, Defendant argues that the evidence should be allowed in order to explain the dispute which arose between Defendant and various agencies.

At this point, the Court does not have sufficient context in which to issue a blanket ruling that the evidence shall not be admitted.  Instead, similar to the issue above, the Court will deny the motion, but counsel may re-assert the objection again just prior to trial or when appropriate during trial.

## II.    Defendant's Motions in Limine

Defendant filed several motions in limine.  All of the motions were filed by Defendant's previous counsel, however.  Based on conversations between counsel for both parties and the Court's staff, the Court understands that the parties have resolved the issues raised in the motions.  Accordingly, the Court will deem them moot.  However, the Court understands that Defendant's new counsel may not be completely up to speed on all the issues because he was only recently retained. Therefore, the Court understands that some issues tangentially related to the motions in limine may need to be addressed just prior to trial, and Defendant is not

precluded from raising them.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Government's Motion in Limine (Docket No. 10 & 51) shall be, and the same is hereby, DENIED without prejudice.

IT IS FURTHER ORDERED that Defendant's motions in limine (Docket Nos. 26, 27, 28, 29, 32 and 33) shall be, and the same are hereby, DEEMED MOOT.

DATED: **March 24, 2010**



Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order -- page 5**