IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | Case No. CR-09-043-N-BLW |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **MEMORANDUM DECISION AND ORDER** |
| JACK D. BARRON, | ) ) ) | |
| Defendant. | ) ) | |

The Court has before it Defendant's Motion to Continue (Docket No. 57). The Government opposes the motion (Docket No. 58).

As explained in the Court's earlier Order granting substitution of defense counsel in this matter, this case has been pending for over a year, having been continued several times. The case is now set for trial on March 29, 2010.

The substitution of counsel was precipitated by former defense counsel's notice of appointment as a Magistrate Judge for Kootenai County, Idaho. Mr. Peterson received that notice on March 3, 2010. Mr. Peterson then notified the Court that he would need to attend Magistrate Judge training during the week of March 15, and that he was scheduled to be sworn in as a Magistrate Judge on or

**Memorandum Decision and Order -- page 1**

about March 26, 2010, with his duties commencing on March 30, 2010. These events conflicted with the March 29, 2010 trial date in this matter.

Upon learning of Mr. Clark's dilemma, the Court conducted a status conference on March 5, 2010 to discuss the potential conflict. The Court indicated that although it was sympathetic and understanding of Mr. Peterson's desire to assume his judicial duties, the Court perceived that his desired start date was not mandatory and that it was trumped by his ethical obligation to his client to try the case as scheduled. The Court also noted that pursuant to the Speedy Trial Act, both the defendant and the public have an interest in a speedy trial.

Mr. Peterson informed the Court that he had already contacted another attorney, James E. Siebe, about substituting in as counsel for Mr. Barron. Mr. Peterson also explained that he had originally received Mr. Barron's case as a referral from Mr. Siebe, and that Mr. Siebe already had some familiarity with the case. Therefore, Mr. Siebe would not be starting from scratch if he were substituted in as defense counsel. Based on this information, and Mr. Siebe's reputation as an experienced defense attorney, the Court explained that the Court would likely agree to Mr. Siebe substituting in as counsel for Mr. Barron, so long as Mr. Barron agreed to the substitution and Mr. Siebe had the resources, time and familiarity with the case to proceed with trial as scheduled.

**Memorandum Decision and Order -- page 2**

On March 9, 2010, defense counsel filed a formal notice of substitution of counsel indicating that Mr. Siebe would substitute in as counsel for Mr. Barron. In that motion, Defendant stated that he wold not request a continuance of the trial date based on his change of attorneys. (Docket No. 49.) Under these circumstances, the Court granted the substitution of counsel.[1]

On March 25, 2010, just two business days before trial was scheduled to commence, Defendant nevertheless filed a motion to continue the trial date. In his motion, Defendant gives the following reasons for needing a continuance: (1) defense counsel has spent more time than anticipated trying to clear is calendar and attending to other matters; (2) defense counsel spent more time than expected obtaining information from former defense counsel regarding agreements related to pending motions in limine; (3) defense counsel has not had time to review the grand jury transcript; (4) Defendant did not return to Idaho from wintering in Arizona until the end of the week of March 15, 2010, at which point defense

---

[1] The substitution of counsel did not require a continuance under the Speedy Trial Act. Although the Ninth Circuit has only agreed to this conclusion in unpublished opinions, the Sixth Circuit has published several opinions stating as much. *See e.g., U.S. v. Crossley*, 224 F.3d 847 (6th Cir. 2000) (Defendant may not attempt to delay her trial by substituting counsel and then asserting that the thirty-day waiting period should automatically re-commence); *U.S. v. Richmond*, 735 F.2d 208, 214 (6th Cir. 1984) (Court declined to hold that the thirty-day prohibition of commencement of trial is invoked whenever a defendant substitutes counsel; a contrary conclusion would permit defendants to unduly delay their trial dates by substituting counsel).

**Memorandum Decision and Order -- page 3**

counsel first learned about trial strategy differences between Defendant and previous defense counsel; and (5) receipt of a plea offer from the Government on March 24, 2010.[2]  Defendant therefore requests a continuance so that counsel will have adequate time to prepare for trial.

The Government opposes the motion.  The Government contends that it would be prejudiced by a continuance, and that several members of the trial team have already traveled to Coeur d'Alene from Boise and Washington D.C. for the trial.  The Government also noted Defendant's earlier indication that he would not request a continuance based on substitution of counsel.

As explained above, this case has already been continued three times.  The first two continuances were pursuant to Defendant's request.  The third continuance was due, at least in part, to calendaring conflicts.  Due to the Court's scheduling conflict with other matters, the Court needed to delay the third trial setting by a few days.  This caused conflicts with both government and defense witnesses, requiring a third continuance.  Notably, although the government did

---

[2] The Government also indicated that it is willing to continue to work with defense on a plea agreement.  The Defendant may be using plea negotiations to obtain a continuance, and the Government may be trying to hold the trial date as a way to push forward with plea negotiations.  However, the bottom line for the Court is that plea negotiations never play a role in the Court's decision whether to grant a continuance.  This case is no different.  Thus, although the parties are free to discuss plea agreements, a potential plea agreement does not affect the Court's decision to grant or deny a continuance in this case.

**Memorandum Decision and Order -- page 4**

not oppose the earlier motions to continue, it did not request them, except to the extent the Court's calendaring conflict created scheduling conflicts for its witnesses. Understandably, the government now opposes a fourth continuance.

As the Court explained to counsel at the March 5 status conference, and as noted in the Court's earlier order, the right to a speedy trial belongs not only to a defendant, but to society as well, and it is the government's duty to represent society. "Congress designed the Speedy Trial Act in part to protect the public's interest in the speedy administration of justice. . . ." *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997).

Cognizant of the public's right to a speedy trial, the Court was wary of allowing substitution of defense counsel as it may require yet another continuance. The Court therefore determined that it would require that Mr. Peterson delay his judicial duties by a week and fulfill his responsibilities to his client before taking the bench. The Court only relented and permitted the requested change of counsel upon an assurance that the substitution of counsel would not require further delay. More importantly, in his formal notice of substitution of counsel, Defendant himself "agree[d] that no request for continuance of the current trial date shall be made due to his change of attorneys." (Docket No. 49.) The Court understood this statement to mean what it said – that Defendant would not request another

**Memorandum Decision and Order -- page 5**

continuance based on his change of attorneys.

The motion now before the Court cannot be read as anything but a request for continuance based on a change of attorneys.  Therefore, to grant it would only serve to facilitate an unjustified delay in the speedy administration of justice.  Accordingly, the Court will deny the motion to continue.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Continue (Docket No. 57) shall be, and the same is hereby, DENIED.

DATED: **March 26, 2010**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order -- page 6**