IGNACIA S. MORENO
ASSISTANT ATTORNEY GENERAL, ENRD
STACEY H. MITCHELL
CHIEF, ENVIRONMENTAL CRIMES SECTION
**J. RONALD SUTCLIFFE**, IDAHO BAR NO. 6236
SENIOR TRIAL ATTORNEY
ENVIRONMENTAL CRIMES SECTION

THOMAS E. MOSS, IDAHO BAR NO. 1058
UNITED STATES ATTORNEY
**NANCY D. COOK**, TEXAS BAR NO. 04741500
ASSISTANT UNITED STATES ATTORNEY
6450 N. MINERAL DRIVE, SUITE 210
COUER D'ALENE, IDAHO 83815
TELEPHONE: (208) 667-6568
FACSIMILE: (208) 667-0814

THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 09-043-N-BLW |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | GOVERNMENT' OPPOSITION |
| | ) | TO DEFENDANT'S MOTION |
| JACK D. BARRON, | ) | TO DISMISS. |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The United States of America, by and through Thomas E. Moss, United States Attorney for the District of Idaho, and undersigned counsel, hereby opposes Defendant's Motion to Dismiss all four counts of the Indictment. (Document 67). The bases for the Government's opposition are as follows.

1.  Defendant's Motion is Untimely.

As an initial matter, the Government notes that the Defendant's motion should be denied as untimely. FED. R. CRIM. P. 12(c) provides that "The court may, at the arraignment or as soon afterward as practicable, set a deadline for the parties to make pretrial motions and may also schedule a motion hearing." The Court set a motions calendar and ordered that the Defendant's motions be filed on or before the 28th Day after Arraignment. (Document 7). The Court twice granted Defendant's motion to continue the motions calendar and trial date. (Documents 15, 17, 21, 22). The Defendant filed numerous pretrial motions (Documents 26-33), which the Court considered and denied. (Document 56).

The Defendant's pretrial motions did not allege that the Government was barred from prosecuting him on the basis that the U.S. Army Corps of Engineers ("Army Corps") failed to issue him a cease and desist order. The instant motion was filed more than four months after the Court-imposed deadline. As such, the Defendant has waived this argument and the instant motion should be denied. FED. R. CRIM. P. 12(e); *United States v. Torres*, 908 F.2d 1417, 1424 (9th Cir. 1990).

2.  A Cease and Desist Order is not a Necessary Prerequisite to Clean Water Act Charges

A Cease and Desist Order is but one of many tools that the Army Corps may use to help prevent violations of the Clean Water Act. The existence of this tool neither creates an affirmative duty for the Army Corps, nor confers a legal right on criminal

defendants. Defendant's untimely claim that he is entitled to dismissal of the Indictment because the Army Corps did not order him to Cease and Desist from committing the crimes charged has no basis in law or common sense.

Without citation to authority, Defendant asserts that he is entitled to dismissal because "the Army Corps of Engineers failed to follow its own procedures as set forth in 33 C.F.R. 326.3(c) **requiring** that they issue a Cease and Desist Order as part and parcel of the official enforcement process." Def. Motion at 1 (emphasis added). This assertion is without merit.

First, Defendant misstates the law. 33 C.F.R. § 326.3(c) does not **require** the Army Corps to issue Cease and Desist Orders. The issuance of a Cease and Desist Order is within the discretion of the district engineer. 33 C.F.R. § 326.1 ("Nothing contained in this Part shall establish a non-discretionary duty on the part of district engineers nor shall deviation from these procedures give rise to a private right of action against a district engineer.") This intent is born out by the fact that the word "shall" does not appear a single time in 33 C.F.R. § 326.3. *See Bennett v. Spear*, 520 U.S. 154, 171-72 (1997) (differentiating the words "shall" and "may.")

Indeed, Section 326.3(c) does not, as Defendant suggests, lay out the prerequisites for legal action. As noted in the statement of purpose, the "[p]rocedures for initiating legal actions are prescribed in § 326.5." 33 C.F.R. § 326.1. Section 326.5 lays out in detail the process for referring a case to the United States Department of Justice for

criminal prosecution.  The issuance of a Cease and Desist order is not listed as a requirement in Section 326.5.

WHEREFORE, the Government respectfully requests that the Defendant's Motion to Dismiss be DENIED.  Since the Defendant's motion is both untimely and without merit, the Government submits that oral argument is unnecessary.

DATED this 29th day of March, 2010.

                                      THOMAS E. MOSS
                                      United States Attorney

                                      _____
                                      /s/ Nancy D. Cook
                                      Assistant United States Attorney

                                      _____
                                      /s/ J. Ronald Sutcliffe
                                      Senior Trial Attorney

CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2010, a true and correct copy of the foregoing GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS was served on counsel for the defendant and via the Court's ECF service and electronic mail, to:

James E. Siebe, Esq.
Siebe Law Offices
202 E. Second St.
Moscow, ID 83843
*Counsel for Defendant Jack D. Barron*

                                                                                                                        _____
                                                                                                                        /s/ Nancy D. Cook