IGNACIA S. MORENO
ASSISTANT ATTORNEY GENERAL, ENRD
STACEY H. MITCHELL
CHIEF, ENVIRONMENTAL CRIMES SECTION
**J. RONALD SUTCLIFFE**, IDAHO BAR NO. 6236
SENIOR TRIAL ATTORNEY

THOMAS E. MOSS, IDAHO BAR NO. 1058
UNITED STATES ATTORNEY
**NANCY D. COOK**, TEXAS BAR NO. 04741500
ASSISTANT UNITED STATES ATTORNEY
6450 N. MINERAL DRIVE, SUITE 210
COEUR D'ALENE, IDAHO  83815
TELEPHONE:  (208) 667-6568
FACSIMILE:   (208) 667-0814

THE UNITED STATES DISTRICT COURT  FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CR 09-0043-N BLW |
| | ) | |
| vs. | ) | GOVERNMENT'S RESPONSE TO |
| | ) | DEFENDANT'S MOTION IN |
| JACK D. BARRON, | ) | LIMINE (Limit Reference to Army |
| | ) | Corps Wetlands Supplements) |
| Defendant. | ) | |
| | ) | |
| | ) | |

The United States of America, by and through its undersigned attorneys, respectfully

submits its response to Defendant's Motion in Limine to preclude reference to wetlands

delineation manual supplements.

<u>RELEVANT BACKGROUND</u>

The Indictment charges the Defendant (Barron) with three felony Clean Water Act

violations for allegedly discharging dredge and fill material into a tributary of Lamb Creek, onto

wetlands adjacent to Lamb Creek, and dredging fill material from wetlands adjacent to a tributary of Lamb Creek then redepositing the fill materials onto wetlands without the required permit.  The charged violations occurred in 2007.  Barron is also charged with one count of Obstruction of Justice.

<u>DISCUSSION</u>

33 C.F.R. § 328.3(b) defines "wetland" in very general terms and includes areas that are "saturated by surface or ground water" and support vegetation adapted to such saturation.  The Army Corps of Engineers (ACOE) developed a wetlands delineation manual in 1987 to solve the problem that individual offices around the country, in response to the less than specific definition in § 328.3(b), had developed differing guidance on how to delineate wetlands. [1]  In 1988 an attempt was made by four federal agencies[2] to update the manual.  An updated manual which was used by the ACOE and EPA from 1989 through 1991 was replaced with the 1987 manual by directive of the 1992 the Energy and Water Development Appropriations Act.

The 87 Manual is interpretive rather than legislative in nature and is not "the law."  The manuals are only guidance.  See *U.S. v. Ellen,* 961 F.2d 462, 466 (4th Cir. 1992).  The supplements to the 87 Manual are likewise only guidance and  have no effect of law.  The supplements do not change the methodologies in the 87 Manual.  Evidence of the three parameters is still required, specifically:  wetland vegetation, hydric soils, and hydrology.  The supplements are an attempt to identify for interpretation various wetlands characteristics that are

---

[1]  http://www.usace.army.mil/CECW/Documents/cecwo/reg/dev_reg_wetlands.pdf
The article contains a brief history of delineation methods.

[2]  U.S. Army Corp. of Engineers, U.S. E.P.A., Soil Conservation Service, and U.S. Fish and Wildlife Service.

2

unique to the different regions of the country.  The result is to make application of the 1987
manual easier.   (www.usace.army.mil/CECW/Documents/cecwo/reg/dev_reg_wetlands.pdf ).
The manual and its supplements should be accorded due deference because they are agency
interpretations of complex, scientific guidance on wetlands ecology and hydrology.  *U.S. v.
Deaton*,  332 F.3d 698, 713 (4th Cir. 2003).

Before the *Western Mountains, Valleys and Coast Interim Regional Supplement to the
1987 Wetland Delineation Manual* was sent out with a directive from the ACOE to be used in
conjunction with the 1987 manual for delineation, it had been in development for many years.
The process began in 2002, when a Memorandum of Agreement was signed between EPA and
ACOE to engage in the development of regional supplements.  (*See Attachment A*) Reasons to
regionalize the 1987 manual include:  variability in wetland conditions due to climate, geology
and landforms and biogeography.  Another problem was the need to be technically and legally
defensible.  A failure to regionalize can result in inconsistent, arbitrary, and controversial
wetland determinations.  It was agreed that the Manual should reflect the state-of-the-science and
comply with the National Academy of Sciences' recommendations.  Simply put, it was
recognized that a single national wetland delineation guidance could not capture the variability
of wetlands across the entire United States.

Interagency cooperation occurred at several levels in the development of the
supplements.  A national advisory team was formed that included experts from EPA, the Natural
Resources Conservation Service [NRCS], U.S. Fish and Wildlife Service, ACOE districts, and
the Engineering Research Development Center [ERDC] of the ACOE.  Their task was to provide
technical oversight, consistency, and quality control to the process.  They worked with Federal,

3

State and Academic experts, and created regional working groups of these experts.  The working groups' goal was identify technical issues, select wetland indicators, develop regionalized procedures, and help ERDC draft the Regional Supplements.

Draft Regional Supplements were issued and placed on public notice.  The supplements incorporated the NRCS Field Indicators of Hydric Soils in the United States, which had been available for use by the ACOE and the public since the mid-1990's.  The public was invited to test the manual and/or provide comments.  For our region, the notice was issued on April 20, 2007 and expired on July 19, 2007.  *(See Attachment B.)*  At the same time the public notice was issued, the ACOE district led teams of agency experts in the field, who tested the procedures set out in the regional supplement.  Contemporaneous with the public notice and ACOE testing, a draft was sent out to a number of independent experts in the field for external peer review.  Once all data and comments had been gathered and analyzed, revisions were made to the draft.

On June 4, 2008, ACOE published a notice of a one year trial implementation of the Western Mountains, Valleys and Coast Interim Regional Supplement to the 1987 Wetland Delineation Manual.  (www.spn.usace.army.mil/regulatory/PN/2008/WMVCIRS.pdf). *(See Attachment C)*. This Supplement is required for delineation of wetlands in North Idaho. The notice sets forth how the ACOE intended to evaluate the Supplement.

<u>DEFENDANT'S EXPERTS' REPORTS</u>

In the defendant's experts' reports, both Alan Busacca and Kagel Environmental, LLC, stated that they utilized the 2008 Supplement and relied upon it to form their conclusions. Neither expert has disclosed to the government any report that does not rely upon both the 87 Manual and 2008 Supplement.

<u>CONCLUSION</u>

The process used to create the regional supplement is scientific in nature and took years of research and study before it was adopted in 2008.  The 2008 Supplement combined practices that had been commonly used by competent professionals, and the ACOE, in the field of wetland delineation.  The 2008 Supplement does not significantly change the requirements under the 87 Manual as further described above.  The government's and defendant's experts' use of the 2008 Supplement meets all legal requirements.  The Supplements and the 87 Manual are guidance on a complex scientific topic and are entitled to due deference.  The defendant's motion should be denied.

DATED this 30th day of March, 2010.

THOMAS E. MOSS
United States Attorney


/s/ Nancy D. Cook
Assistant United States Attorney


/s/ J. Ronald Sutcliffe
Senior Trial Attorney
Department of Justice

## <u>CERTIFICATE OF SERVICE</u>

       I HEREBY CERTIFY that on 30th day of March, 2010, that a copy of the foregoing Government's Response to Motion in Limine (87 Manual Supplements) was served by ECF filing, on all party named below :

Jim Siebe