IGNACIA S. MORENO
ASSISTANT ATTORNEY GENERAL, ENRD
STACEY H. MITCHELL
CHIEF, ENVIRONMENTAL CRIMES SECTION
**J. RONALD SUTCLIFFE**, IDAHO BAR NO. 6236
SENIOR TRIAL ATTORNEY

THOMAS E. MOSS, IDAHO BAR NO. 1058
UNITED STATES ATTORNEY
**NANCY D. COOK**, TEXAS BAR NO. 04741500
ASSISTANT UNITED STATES ATTORNEY
6450 N. MINERAL DRIVE, SUITE 210
COEUR D'ALENE, IDAHO  83815
TELEPHONE:  (208) 667-6568
FACSIMILE:   (208) 667-0814

THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Case No. CR 09-0043-N BLW |
| | ) |
| vs. | ) GOVERNMENT'S |
| | ) MEMORANDUM REGARDING |
| JACK D. BARRON, | ) CLEAN WATER ACT |
| | ) INSTRUCTION AND REQUEST |
| Defendant. | ) FOR SPOLIATION INSTRUCTION |
| | ) |
| | ) |

The United States of America, by and through its undersigned attorney, respectfully submits its Memorandum regarding the Court's request for briefing on the issue of the proper mental state for a wetlands filling violation.

I. Clean Water Act Mens Rea.

The government would not oppose the instruction used in United States v. Lucas, 516 F.3d 316 (5th Cir. 2008) which was a wetlands filling case. In Lucas the court instructed the jury that they, "must find that the defendant knew the physical characteristics of the property into which pollutant was discharged that identify it as a wetland." That does not mean the jury needs to find that the defendant knew the property was a jurisdictional wetland or that it contained hydric soils and hydrophytic vegetation.

Courts generally have held that "knowing" environmental offenses require knowledge of the facts, but not knowledge of the law. The government must prove that the defendant knew of the conduct that constituted the violation. The violative acts must be voluntary and intentional and not the result of an accident or mistake of fact. The government is not required to show that the defendant had knowledge of the statute or regulations or knew that his or her conduct was unlawful. See, e.g., United States v. Laughlin, 10 F.3d 961, 965-967 (2d Cir. 1993) (RCRA, CERCLA), cert. denied sub nom. Goldman v. United States, 511 U.S. 1071 (1994); United States v. Weitzenhoff, 35 F.3d 1275, 1283-1286 (9th Cir. 1994) (CWA), cert. denied, 513 U.S. 1128 (1995); United States v. Buckley, 934 F.2d 84, 88-89 (6th Cir. 1991) (CERCLA); United States v. Reilly, 827 F. Supp. 1076 (D. Del. 1993) (Ocean Dumping Act); United States v. Corbin Farms, 444 F. Supp. 510, 519-520 (E.D. Cal.) (FIFRA), aff'd, 578 F.2d 259 (9th Cir. 1978). This amounts to no more than the ordinary notion that ignorance of the law is no excuse. See Cheek v. United States, 498 U.S. 192, 199 (1991), for citations to a number of Supreme Court cases standing for that proposition, including International Minerals.

United States v. Hoflin, 880 F.2d 1033, 1039 (9th Cir. 1989), while a RCRA case, is analogous to the instruction the government suggested at the outset of this memorandum. Hoflin held that the government need only show that the defendant knowingly disposed of a waste and that the waste was some substance that was not innocuous like water. Similarly in this case the government should not have to prove that the defendant knew that the wetland he dredged and filled met all the requirements of the legal definition for a wetland, rather the government only need show that he was on notice of the general nature of the wetlands.

The government need not prove that the defendant knew that he was dredging or filling materials into waters of the United States. Cooper v. United States, 482 F3d 658 (4th Cir. 2007) (direct discharge case).

II. Spoliation Instruction.

The government requests the following instruction:

A party who has timely notice of the assertion of a claim has a duty to take reasonable efforts to preserve evidence. If a party with such notice fails to preserve evidence through some fault of its own, you may draw an inference that the evidence not preserved would have been favorable to the opposing party.

A spoliation instruction is generally required when: The spoliator was on notice of the claim or potential claim at the time the evidence was lost or destroyed; and the missing evidence was relevant to the non-spoliator's allegations. Byrd v. Maricopa County Sheriff's Department, 565 F.3d 1205 (9th Cir. 2009). In Byrd a prisoner claimed that a video was exculpatory and necessary for his civil damages trial. The Sheriff's Office destroyed part of the video. The Court gave the above adverse inference instruction.

In Barron's case he was put on notice that his property was a wetland by more than a few persons, yet Barron proceeded to strip the vegetation off the property rendering it very difficult for the government to conduct a delineation especially as to the vegetation.

DATED this 31st day of March , 2010.

                          THOMAS E. MOSS
                          United States Attorney

                          _____
                          /s/ Nancy D. Cook
                          Assistant United States Attorney

                          _____
                          /s/ J. Ronald Sutcliffe
                          Senior Trial Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 31st day of March, 2010, that a copy of the foregoing Government's Memorandum was served by ECF filing, on all party named below :

Jim Siebe

_____
/s/ Nancy D. Cook