SIEBE LAW OFFICES
James E. Siebe, ISBN 2362
202 E. Second St.
P.O. Box 9045
Moscow, ID 83843
(208) 883-0622
Fax:  (208) 882-8769

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 09-0043-N-BLW |
| Plaintiff, ) | |
| ) | |
| v. ) | WRITTEN OBJECTION TO |
| ) | JURY INSTRUCTIONS |
| ) | |
| JACK D. BARRON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

COMES NOW Defendant, Jack D. Barron, by and through his attorney of record, and respectfully responds to the Government's proffer of jury instructions as follows:

1)   Defendant objects to the Government's request for Clean Water Act instruction and request for spoliation instruction as follows:

   a)   Defendant cannot see that the Government has proposed a specific instruction relative to the Clean Water Act mens rea. The language of the memorandum including reference to *United States v. Lucas*, 516 F.3d 316

WRITTEN OBJECTION TO JURY INSTRUCTION - 1

(5th cir. 2008), essentially appears to direct the jury to find mens rea, given how it is worded, however. Defendant objects to any direction of the jury to find anything as this invades the province of the jury.

 b) As regards to spoliation instruction, counsel has undertaken substantial research and has found no other criminal cases in which a spoliation instruction was given relative to acts by a criminal defendant. The only criminal cases that the undersigned could find dealt with Governmental destruction or spoliation of evidence. There are some instances in civil cases where spoliation is at issue in Clean Water enforcement or RCRA matters, additional there are civil cases such as the *Byrd* case cited in the Government's brief where governmental entities were alleged to have engaged in spoliation. Accordingly, counsel respectfully submits that not only is there no precedent for making such an instruction, but the instruction is essentially a back-door way of attempting to obtain a conviction for the obstruction of evidence. Incidentally, counsel argues a little out of order, here, that the Government's main witness has not testified that he was unable to make a determination by way of opinion as to whether or not the subject property was a wetland because of the removal of the overburden.

 2) Defendant objects to the Government's request for a deliberate ignorance instruction. Counsel has consulted his client, who has instructed him to object. Following

WRITTEN OBJECTION TO JURY INSTRUCTION - 2

that, counsel disputes the Government's factual assertion in the memorandum in support of the same, wherein it is alleged that numerous individuals put Defendant on notice that his property was a wetland before he proceeded to clear the land, deposit fill, dig a pond and build a foundation. The culvert and the fill for the road were installed before Beth Reinhart arrived on scene. Additionally, going to the substantive aspects of the case, the Government cites no specific authority for the motion and Defendant can find no specific case, other than financial cases (including money laundering, etc.) or drug cases, in which the deliberate ignorance instruction has been given. A distinction should be made between circumstances in which it is alleged that individuals told a defendant his action may constitute breaking the law, as opposed to those were it is asserted that indicia short of verbal communication create a situation where it can be argued that a defendant's failure to infer that the activity is prohibited was a deliberate ignorance.

Defendant also objects to the request by the Government, as set forth in the email of April 5, 2010, to modify the previously accepted instruction, concerning wetlands as a term of art. The addition the proposal is too general for the very technical criteria set forth in "a typical situation", which defendant vehemently disagrees are present here. Experts (Olson and Thiessing) were able to make conclusions that the subject property was a wetland and did not indicate their reports that there was insufficient data due to removal or waste by the defendant. The general provision, there, suits the Government's case whereunder they brought in individuals off the street to testify as to observations of standing water without

WRITTEN OBJECTION TO JURY INSTRUCTION - 3

regard to the particulars set forth in the Manual.

WHEREFORE counsel respectfully requests that the Court refuse the above-referenced instructions. Counsel has additional points to make at oral argument relative to Instruction No. 15, in so far as he believes that the term "vegetation" should be removed from said definition.

DATED this 6th day of April, 2010.

        /s/
        James E. Siebe
        Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of April, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System which sent a Notice of Electronic Filing to the Registered Participants on file.

For the Government:    Nancy D. Cook
                           J. Ronald Sutcliffe

        /s/
        James E. Siebe