# Jury Instructions

# CR 09-43-N-BLW

# USA v. Jack D. Barron

## Instruction No. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

**Instruction No. 2**

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

## Instruction No. <u>3</u>

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**Instruction No. 4**

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits which have been received into evidence; and (3) any facts to which the lawyers have agreed or stipulated.

## Instruction No. <u>5</u>

In reaching your verdict you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence and you may not consider them in deciding what the facts are.  I will list them for you:

1.  Arguments and statements by the lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.  Questions and objections by the lawyers are not evidence.  The lawyers have a duty to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3.  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4.  Anything you saw or heard when the court was not in session is not

evidence.  You are to decide the case solely on the evidence received at the trial.

## Instruction No. 6

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.  You are to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## Instruction No. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.     the opportunity and ability of the witness to see or hear or know the things testified to;

2.     the witness' memory;

3.     the witness' manner while testifying;

4.     the witness' interest in the outcome of the case and any bias or prejudice;

5.     whether other evidence contradicted the witness' testimony;

6.     the reasonableness of the witness' testimony in light of all the evidence; and

7.     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**Instruction No. 8**

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Instruction No. <u>9</u>**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the Indictment.  Your determination must be made only from the evidence in the case.  The defendant is not on trial for any conduct or offense not charged in the Indictment.  You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to the charges against this defendant.

## Instruction No. <u>10</u>

You have heard evidence of other acts engaged in by the defendant. You may consider that evidence only as it bears on the defendant's intent or absence of mistake or accident and for no other purpose.

**Instruction No. 11**

You have heard testimony that the defendant made statements. It is for you to decide (1) whether the defendant made the statements, and (2) if so, how much weight to give to them. In making those decisions, you should consider all of the evidence about the statements, including the circumstances under which the defendant may have made them.

**Instruction No. <u>12</u>**

You have heard evidence of the defendant's character for truthfulness. In deciding this case, you should consider that evidence together with and in the same manner as all the other evidence in the case.

**Instruction No. <u>13</u>**

Sections 1311(a) and 1319(c)(2)(A) of Title 33, United States Code, provide that it is unlawful for any person to knowingly discharge a pollutant into a water of the United States, without a permit issued by the government under the authority of the Clean Water Act.

**Instruction No. <u>14</u>**

The defendant is charged in Counts I through III with violations of the Clean Water Act.  In order for the defendant to be found guilty of those charges, the government must prove each of the following elements beyond a reasonable doubt:

1.    On or about the date charged, the defendant discharged a pollutant as charged in the Indictment (see instructions 15-17 for specific date and specific pollutant of each count);

2.    The defendant discharged the pollutant from a point source;

3.    The discharge was into waters of the United States;

4.    The defendant did not have a permit from the United States Army Corps of Engineers to discharge the pollutant; and

5.    The defendant acted knowingly.

**Instruction No. <u>15</u>**

As to Count I, the defendant is charged with discharging a pollutant by placing fill material for approximately one hundred feet of roadway, or a culvert, or a concrete foundation on or about May 2007 to August 2007.

Because Count I alleges the defendant violated the Clean Water Act by alternative means, in order for the jury to find that the Government has proven the first element in Instruction No. 14 beyond a reasonable doubt, the jury must unanimously agree as to which alleged pollutant was discharged, i.e., (1) a roadway, (2) a culvert, or (3) a concrete foundation.

**Instruction No. <u>16</u>**

As to Count II of the Indictment, the defendant is charged with discharging a pollutant by removing vegetation and topsoil from wetlands, digging a pond, and redepositing excavated topsoil onto wetlands on or about July 2007 to November 2007.

**Instruction No. 17**

As to Count III of the Indictment, the defendant is charged with discharging a pollutant by excavating portions of an unnamed creek and depositing topsoil into the unnamed creek on or about November 2007.

**Instruction No. <u>18</u>**

The term "pollutant" includes, dredged spoils, solid waste, sewage, garbage, sewage sludge, chemical wastes, rock, sand, and biological materials discharged in water or wetlands meeting the definition of waters of the United States.

**Instruction No. <u>19</u>**

The term "discharge of a pollutant" means any addition of any pollutant to waters of the United States from any point source.

## Instruction No. <u>20</u>

The term "point source" means any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit, well discrete fissure, container, rolling stock, concentrated animal feeding operation, bulldozer, backhoe, dump truck, vessel or other floating craft, from which pollutants are or may be discharged.

## Instruction No. 21

The term "waters of the United States" includes:

(1) Wetlands with a continuous surface connection to relatively permanent, standing, or continuously flowing bodies of water forming geographic features that are described in ordinary parlance as streams, oceans, rivers, and lakes; or

(2) Wetlands which, alone or in combination with similarly situated water bodies in the region, significantly affect the chemical, physical, and biological integrity of relatively permanent, standing, or continuously flowing bodies of water forming geographical features that are described in ordinary parlance as streams, oceans, river and lakes.

To conclude that the area in question is a "water of the United States," you must unanimously agree that it meets one or both of these meanings of "waters of the United States." If you do not unanimously find that the area in question satisfies both meanings of "waters of United States," you must unanimously agree as to which definition has been met.

The term "Relatively Permanent" as used in the first definition of "Waters of the United States" does not include channels through which water flows intermittently or ephemerally, or channels that periodically provide drainage for

rainfall. It does not necessarily exclude streams, rivers, or lakes that might dry up in extraordinary circumstances, such as drought.  Nor does it necessarily exclude seasonal rivers, which contain continuous flow during some months of the year, but no flow during dry months.

## Instruction No. 22

One of the material elements for each of the charges in Counts I-III of the Indictment is that Defendant allegedly conducted certain activity involving a "wetland." The term "wetland" is a term of art and has a special definition under the applicable law, which is as follows:

> Those areas that are inundated or saturated by surface or
> ground water at a frequency and duration sufficient to
> support, and that under normal circumstances do support,
> a prevalence of vegetation typically adapted for life in
> saturated soil conditions. Wetlands generally include
> swamps, marshes, bogs, and similar areas.

Whether property is a "wetland" can only be determined with the assistance of experts using the appropriate criteria, and a consideration of all relevant characteristics of the property in question. Whether or not property involved in this case is a wetland is a fact you must determine.

**Instruction No. <u>23</u>**

The Government is not required to prove that a specific amount of pollutant has been discharged or that any discharge or pollutants in fact caused any damage or harm to the environment.

## Instruction No. <u>24</u>

As explained in the elements of Counts I through III, the government must prove beyond a reasonable doubt that the defendant acted knowingly, that is,

1.    The defendant committed the discharge deliberately and not as the result of ignorance, mistake, or accident;

2.    The defendant knew the identity or at least the nature of the material discharged; and

3.    The defendant knew the physical characteristics of the property into which the pollutant was discharged that identify it as a wetland.

The government is not required to prove the defendant's knowledge of the law, that is, the government is not required to prove that the defendant knew that:

1.    The material came within the legal definition of "pollutant;"

2.    The conveyance came within the legal definition of "point source;"

3.    The wetland came within the legal definition of "water of the United States"; or

4.    A permit was required for the discharge.

## Instruction No. 25

You may find that the defendant acted knowingly if you find beyond a reasonable doubt that the defendant:

1.   was aware of a high probability that his property on Lamb Creek Road contained wetlands, and

2.   deliberately avoided learning the truth.

You may not find such knowledge, however, if you find that the defendant actually believed that the property did not contain wetlands, or if you find that the defendant was simply careless.

**Instruction No. 26**

The defendant is charged in Count IV of the Indictment with obstruction of justice in violation of Section 1505 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1.    There was a pending proceeding before a department or agency of the United States;

2.    The defendant influenced or obstructed or impeded or endeavored to influence or obstruct or impede the due and proper administration of law in the proceeding; and

3.    The defendant acted corruptly.

**Instruction No. <u>27</u>**

The term "pending proceeding" includes any investigation, civil or criminal, which could lead to a criminal or civil proceeding.

## Instruction No. <u>28</u>

The term "corruptly" means that the act must be done with the purpose of obstructing justice.

**Instruction No. <u>29</u>**

You will note that the Indictment charges that the offenses were committed on or about specified dates. The government does not have to prove that the crimes were committed on an exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crimes on a date reasonably near the date stated.

**Instruction No. <u>30</u>**

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

**Instruction No. <u>31</u>**

A Verdict Form has been prepared for your convenience.  The bailiff will hand it out to you so we can review it.


**[form of verdict read]**


You will take this Verdict Form with you to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the Verdict Form which sets forth the verdict upon which you agree.  You will then return with your verdict to the courtroom.

We will now hear the closing arguments of counsel after which I will give you a few brief closing instructions.